Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

MIGUEL A. AREVALO
4166 W. 168TH STREET
LAWNDALE, CA 90260
(213) 280-1522

RECEIVED
DEC 19 2012
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

FOR COURT USE ONLY

*Attorney for Plaintiff*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

In re:

MIGUEL A. AREVALO PRO PER

CASE NO.: 2:12-BK-49363-WB

CHAPTER: 13

ADVERSARY NUMBER:

Debtor(s).

MIGUEL A. AREVALO PRO PER

Plaintiff(s)

Versus

RECONTRUST COMPANY, N.A BAC HOME LOANS, BANK OF AMERICA, COUNTRYWIDE HOME LOANS, FIRST AMERICAN TITLE COMPANY, QUALITY LOAN SERVICE CORPS, LITTON LOAN SERVICING LLP, OWNIT MORTGAGE SOLUTIONS INC, OCWEN LOAN SERVICING, THE BANK OF NEW YORK MELON TRUST COMPANY

Defendant(s)

## SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____ | Place: |
| Time: _____ | 255 East Temple Street, Los Angeles, CA 90012 |
| Courtroom: _____ | 3420 Twelfth Street, Riverside, CA 92501 |
| | 411 West Fourth Street, Santa Ana, CA 92701 |
| | 1415 State Street, Santa Barbara, CA 93101 |
| | 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                Page 1                        **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1] will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**

On (date) _____ I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

RECONTRUST COMPANY, N.A          MERS/ BAC HOME LOANS SRVCNG/COUNTRY WIDE      OCWEN LOAN SERVICING
1800 TAPO CANYON RD SVW-88       400 COUNTRYWIDE WAY SV-35                     P.O BOX 6440
SIMI VALLEY, CA 93065            SIMI VALLEY, CA 93065                         CARIL STREAM, IL 60197-6440

FIRST AMERICAN TITLE COMPANY     QUALITY LOAN SERVICE CORP
1 FIRST AMERICA WAY              2141 5TH AVENUE
SANTA ANA, CA 92707              SAN DIEGO, CA 92101                  ☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

12/17/2012      MIGUEL A. AREVALO
Date            Printed Name                                              Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

THE BANK OF NEW YORK MELLON
TRUST COMPANY, NATIONAL ASSOCIATION
8961 SUNSET BLVD STE 2A
LOS ANGELES, CA 90069


LITTON LOAN SERVICING
4828 LOOP CENTRAL DRIVE
HOUSTON, TX 77081


OWNIT MORTGAGE SOLUTIONS, INC
27349 AGOURA RD, SUITE 100
AGOURA HILLS, CA 91301

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least *14 days before a status conference. A court-approved joint status report form is available on the court's website* (LBR form F 7016-1.1) with an attachment for additional parties if necessary (LBR form F 7016-1.1a). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                          Page 2                                    **F 7004-1.SUMMONS.ADV.PROC**

FORM B104 (08/07)                                                              2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>MIGUEL A. AREVALO | DEFENDANTS<br>RECONTRUST COMPANY N.A, BAC HOME LOANS, BANK OF AMERICA, COUNTRYWIDE HOME LOANS, FIRST AMERICAN TITLE COMPANY, QUALITY LOAN SERVICING CORP, LITTON LOAN SERVICING LLP, OWNIT MORTGAGE SOLUTIONS INC, OCWEN LOAN SERVICING, THE BANK OF NEW YORK MELLON TRUST |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>IN PRO PER | ATTORNEYS (If Known) |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION INCLUDING ALL U.S. STATUTES INVOLVED)
THE DEFENDANT FAILED TO FILE VALID PROOFF OF CLAIM, UNDER 8 U.S.C 1391(b) AND (c) AND U.S.C 53(B). FEDERAL RULES OF CIVIL PROCEDURE
Rule 201 (b). Rule 1002. requirement of Original, Rule 1003. Admissibility of Duplicates

### NATURE OF SUIT
(Number up to five boxes starting with lead cause of action as 1, first alternate cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property – §542 turnover of property
- ☐ 12-Recovery of money/property – §547 preference
- ☒ 13-Recovery of money/property – §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation other than domestic support
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

RECEIVED
DEC 19 2012
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

FORM B104 (05/07), page 2                                              2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| MIGUEL A. AREVALO | 2:12-BK-46363-WB |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| CENTRAL DISTRICT | | |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| MIGUEL A. AREVALO | RECONTRUST COMPANY N.A, BAC HOME LOANS, BANK OF AMERICA, COUNTRYWIDE HOME LOANS, FIRST AMERICAN TITLE COMPANY, QUALITY LOAN SERVICING CORP LITTON LOAND SERVICING LLP, OWMT MORTGAGE SOLUTIONS INC OCWEN LOAN SERVICING, THE BANK OF NEW YORK MELLON TRUST | PROCEEDING NO. |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

PRINT NAME OF ATTORNEY (OR PLAINTIFF)

MIGUEL A. AREVALO

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the Court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if a plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
IN AND FOR LOS ANGELES COUNTY

Date:12/17/2012

| | |
|---|---|
| MIGUEL A. AREVALO    Pro Per<br>4166 W. 168th<br>Lawndale, Ca. 90260<br>　　　　　　Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON<br>TRUST COMPANY, FIRST AMERICAN<br>TITLE COMPANY, RECONTRUST,<br>QUALITY LOANSERVICE CORP<br>(Notice to Agents is Notice to Principles<br>Notice to Principles is Notice to Agents)<br>　　　　　Defendant. | CASE NO.: 2:12-BK-49363-WB<br><br>VERIFIED<br><br>DECLARATORY JUDGEMENT OF<br>VERIFICATION OF DEBT |

## DECLARATORY JUDGEMENT OF VERIFICATION OF DEBT

Reference: 1
Loan Number:　　　　　　103305209
Deed of Trust Number:　　　2005-693
Trustee Sale Number:　　　　09-0065077
Property Address:　　　　　4151-4153 W. 164th St, Lawndale, CA 90260


Reference: 2
Loan Number:　　　　　　17145061
Deed of Trust Number:　　　06-1452658
Trustee Sale Number:　　　　CA-08-150235-JB
Property Address:　　　　　4166-4164 W. 168th St, Lawndale, CA 90260



## I. Introduction

FILED

DEC 1 9 2012

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

1

1
2
3    ## I. Introduction
4
5        This adversary proceeding in Bankruptcy Court is required because it pertains to

6    Plaintiff Miguel A. Arevalo who is not involved in the Bankruptcy but the outcome of the

7    discharge affects her directly.

8

9        Defendant claims it has a security interest in the Plaintiffs' property which arises

10   from a promissory note and deed of Trust signed by Plaintiff Miguel A. Arevalo on or

11   around Aug 09, 2005 Reference 1 and June 23, 2006 Reference2.

12

13       The allege "note" in Reference1 indicates that the debt is payable to Countrywide

14   Bank FSB,  That document is not endorsed by Countrywide Bank FSB   to Recontrust

15   Company,  N.A as grantor Trustee nor does it appear to be an original document.

16   There is no assignment of said Deed of Trust to Recontrust Company, N.A. as grantor

17   Trustee.

18       The allege "note" in Reference2 indicates that the debt is payable to Litton Loan

19   Servicing LLP. That document is not endorsed by Litton Loan Servicing, LLP to First

20   American Title Company as grantor Trustee nor does it appear to be an original

21   document.  There is no assignment of said Deed of Trust to First American Title

22   Company as grantor Trustee.

23

24

25

2

1    Declaratory Judgment is sought by the Plaintiff to compel the Defendant to

2    provide proof of claim before they are allowed to enforce the note.  The Defendant

3    currently insists on enforcing the note but have not provided any valid proof of claim

4    besides a photocopy of the note made years ago.

5

6    A Promissory Note, like a check is a one of a kind negotiable instrument.  One

7    can not take a photocopy of a check to a bank to cash it.  It is for this reason that the

8    original wet ink signature promissory note is a critical piece of material evidence to

9    establish whether or not the Defendant is the Holder in Due Course (as governed under

10    the Uniform Commercial Code), and if not, who is.

11

12    The point at issue of this controversy is the right of enforcement of the

13    Promissory Note by the Defendant.

14

15
16    **II. Jurisdiction and Venue**

17    The subject Property is in Los Angeles County and therefore falls under this

18    Honorable Court's jurisdiction.  The Plaintiff lives in Los Angeles County and the

19    Defendant is a corporation that has done extensive business in Los Angeles County.

20    The diverse citizenship of the litigants is covered under interstate commerce.

21

1    The Venue is IN THE UNITED STATES BANKRUPTCY COURT CENTRAL

2    DISTRICT OF CALIFORNIA IN AND FOR LOS ANGELES COUNTY is proper under 8

3    U.S.C. § 1391 (b) and (c) and 15 U.S.C. § 53(b). _____

4

5    **III. JUDICIAL NOTICE**

6        Plaintiff moves this Honorable Court to take the following Mandatory Judicial

7    Notice:

8        1) Under the Federal Rules of Civil Procedure Rule 201 (d) of the following:

9            a. The United States Supreme Court, in *Haines v Kerner* 404 U.S. 519

10           (1972), said that all litigants defending themselves must be afforded the

11           opportunity to present their evidence and that the Court should look to the

12           substance of the complaint rather than the form.

13           b. In *Platsky v CIA,* 953 F.2d 26 (2nd Cir. 1991), the Circuit Court of

14           Appeals allowed that the District Court should have explained to the

15           litigant proceeding without a lawyer, the correct form to the plaintiff so that

16           he could have amended his pleadings accordingly.  Plaintiff respectfully

17           reserves the right to amend this complaint.

18       2) Under the Federal Rules of Evidence:

19       In Omychund v Barker (1745) 1 Atk, 21, 49; 26 ER 15, 33, Lord Harwicke stated

20       that no evidence was admissible unless it was "the best that the nature of the

21       case will allow".

4

1          a) Rule 1002. Requirement of Original

2          To prove the content of a writing, recording, or photograph, the

3          original writing, recording, or photograph is required, except as

4          otherwise provided in these rules or by Act of Congress.

5

6          b) Rule 1003. Admissibility of Duplicates

7          A duplicate is admissible to the same extent as an original unless (1)

8          a genuine question is raised as to the authenticity of the original or (2)

9          in the circumstances it would be unfair to admit the duplicate in lieu of

10         the original.

11

12         c) Rule 901 (a). Requirement of Authentication or Identification

13         The requirement of authentication or identification as a condition

14         precedent to admissibility is satisfied by evidence sufficient to support a

15         finding that the matter in question is what its proponent claims.

16

17         A Copy of a promissory note can not be admitted as evidence unless

18         is it authenticated.

19

20         In presenting evidence regarding the promissory note, a photocopy is

21    considered a forgery for this purpose as its authenticity is at issue and it is

22    unfair to the admit the duplicate in lieu of the original.  Under Uniform

23    Commercial Code, the original is required to have a chain of endorsements

1     documenting the chain of title of ownership.  The original contains material

2     evidence pertaining to who the **current** [emphasis] holder in due course that

3     the duplicate (made years ago) can not provide.

4

## IV. Standard of Review

6     The law provides that pro se/pro per litigants case must be accepted on

7 substance and be liberally construed under F.R.Civ.P 8(e).  A pro se litigant can not be

8 held to the same standard as a BAR attorney.  The law provides that a pleading should

9 be judged on the merits and not the form to afford justice to all.

10

## V. The Parties

12     1. The Plaintiff, Miguel A. Arevalo is a natural person and resident of Los Angeles

13 County seeking bankruptcy protection.   Miguel A. Arevalo is the debtor of the loan.

14

15     3. The Defendant's, Recontrust Company, N.A as grantor Trustee, and First

16 American Title Company are the alleged lenders of these loans with adverse interest in

17 the controversy.  Through a series of unknown and undocumented transactions from

18 the original lender, Recontrust Company, N.A as grantor Trustee, and First American

19 Title Company are claiming to be the current holder in due course and creditor in this

20 action.

21

1    4. Countrywide Bank, FSB in reference 1 and Ownit Mortgage Solutions Inc in

2    reference 2 is the original lender of the promissory note.

3    **VI. Statement of Facts**

4    There is no evidence to show Recontrust Company, N.A. as grantor Trustee as the true

5    party of interest nor First American Title Company as grantor Trustee as the true party

6    of interest.

7

8

9    Plaintiff. Miguel A. Arevalo did sign a promissory note and Deed of Trust with the

10    Countrywide Bank FSB on or around August 09, 2005 and on June 23, 2006 with Litton

11    Loan Servicing, LLP

12

13    It is the pattern and practice of banking institutions to bundle and trade "mortgage

14    backed securities" trading and mortgage securitizations[1], therefore it is uncertain who is

15    actually the note holder in due course of the Plaintiff's promissory note and Deed of

16    Trust.

17

18    Therefore, it is reasonable for the Plaintiff assume that her loan was also traded

19    and to verify whether or not the Defendant has a valid claim, and the lawful right of

---

[1] See eg, James R. Barth et al., A Short History of the Subprime Market Meltdown 5 fig.2 (Milken Institute 2008), available at http://www.milkeninstitute.org/publications/publications.taf?function=detail&ID=3880103 8&cat=Papers (Showing that approximately 85% of all home mortgages originated in 2006 and 2007 were securitized)

1    enforcement of the alleged debt.  Therefore, the Defendant is required to verify

2    that the Defendant has proof of claim and standing under FRBP Rule 3001 (d).

3

4

5            Reference1

6        On March 09, 2009 the TRUSTEE recorded a Notice of Default at Los Angeles

7    County Hall of Records, however, failed to notify the Plaintiff as required by

8    Californian Civil Code 2924.

9        On September 08, 2009, the TRUSTEE recorded a Notice of Trustee Sale at

10   Los Angeles County Hall of Records, however, failed to notify the Plaintiff as

11   required by Californian Civil Code 2924.

12       On February 08, 2011, the TRUSTEE recorded a Corporation Assignment of

13   Deed Of Trust at Los Angeles County Hall of Records, however, failed to notify the

14   Plaintiff as required by Californian Civil Code 2924.

15       On February 08, 2011, the TRUSTEE recorded a Notice of Trustee Sale and

16   Declaration of Exemption at Los Angeles County Hall of Records, however, failed to

17   notify the Plaintiff as required by Californian Civil Code 2924.

18       On February 28, 2011, the TRUSTEE or a Representative of the Defendant

19   attempted to post a notice on the subject property, only 3 business days before the

20   proposed sale date.  Permission to do so was denied by the Tenant at the property.

21

22   The proposed date of sale is March 8, 2012 at 9:00AM for Reference 1.

23   Reference 2

1                                         8

1    On July 24, 2007 the TRUSTEE recorded a Notice of Default at Los Angeles

2    County Hall of Records, however, failed to notify the Plaintiff as required by

3    Californian Civil Code 2924.

4    On April 08, 2008, the TRUSTEE recorded a Notice of Trustee Sale at Los

5    Angeles County Hall of Records, however, failed to notify the Plaintiff as required by

6    Californian Civil Code 2924.

7    On May 21, 2008, the TRUSTEE recorded a Substitution of Trustee at Los

8    Angeles County Hall of Records, however, failed to notify the Plaintiff as required by

9    Californian Civil Code 2924.

10    On July 11, 2008, the TRUSTEE recorded a Notice of Trustee Sale at Los

11    Angeles  County Hall of Records, however, failed to notify the Plaintiff as required by

12    Californian Civil Code 2924.

13    On September 02, 2010, the TRUSTEE or a Representative of the Defendant

14    attempted to post a notice on the subject property, only 3 business days before the

15    proposed sale date.  Permission was granted by the Tenant at the property.

16    On September 02, 2010, the TRUSTEE recorded a Notice of Trustee Sale at Los

17    Angeles  County Hall of Records, however, failed to notify the Plaintiff as required by

18    Californian Civil Code 2924.

19    On September 26, 2012, the TRUSTEE recorded a Notice of Trustee

20    Sale at Los   Angeles  County Hall of Records, however, failed to notify the Plaintiff

21    as required by Californian Civil Code 2924.

1    On October 26, 2012, the TRUSTEE recorded a Notice of Trustee Sale at Los

2    Angeles County Hall of Records, however, failed to notify the Plaintiff as required by

3    Californian Civil Code 2924

4    The proposed date of sale is November 29, 2012 at 9:00AM for Reference 2.

5    The Plaintiff, Miguel A. Arevalo filed for Chapter 13 protection on November 29,

6    2012.There's no evidence that Bank of New York Mellon Trust Company, National

7    association as grantor Trustee has any rights to foreclose on me.

8

9

10    Plaintiff hired an independent auditor and found a number of TILA and RESPA

11    violations

12

13

14    **VII. CAUSE OF ACTION**

15

16    At issue is **whether or not the Defendant has valid claim and therefore**

17    **standing to enforce the negotiable instrument as well as claim as a creditor**.

18    Under (Uniform Commercial Code) U.C.C. Article 3 - 301, it is necessary for the

19    Defendant to establish proof of claim in order to have the authority to enforce the

20    negotiable instrument.

21    The power of enforcement is subject to "evidence of indebtedness". The

22    Plaintiff hereby petitions this Honorable Court to render a Declaratory Judgment as

23    to whether or not the Defendant has valid claim on the loan as referenced in this

24    case.

1                                                   10

1

2      **Elements of a Declaratory Judgment**

3      1. There is a *bona fide*, actual, present, practical need for the declaration sought.

4*HERE*, the Defendant wishes to collect on a debt but have not provided any valid proof of

5claim other than a photocopy of an instrument made years ago to an entity other than the

6Defendant. *THEREFORE*, a declaration is sought from this court to determine whether the

7Defendant has claim on the promissory note.

8

9      2. The declaration deals with present, ascertained or ascertainable state of facts or

10present controversy as to a state of facts. Anticipated future controversies will not support

11the action. *HERE*, the Defendant intends to sell the property in a Trustee Sale and claim

12standing as a creditor. *THEREFORE*, the declaration is required to resolve whether the

13Defendant has Standing to enforce the instrument and be named a Creditor in this action.

14

15      3. Some right, power, privilege, or immunity of the complaining party is dependent on

16the facts or the law applicable to the facts. *HERE*, the Plaintiff has the right to demand

17presentment of the original instrument under U.C.C. 3 § 501 (b) 2 (a).  It is uncertain who is

18the Holder in Due Course or whether the Defendant have any rights of enforcement. Under

19F.R.B.P. Rule 3001 (d), the Defendant must provide proof of claim of perfection of their

20security interest. *THEREFORE*, the Plaintiff motions this court to compel the Defendant to

21provide valid proof of claim.

22

23      4. Some person has or may have an actual, present, adverse, and antagonistic

1                                    11

1 interest in the subject matter, either in fact or law. *HERE*, the Defendant claims to have the

2 right of Holder in Due Course and seeks to enforce the negotiable instrument as a creditor.

3 As it is the pattern and practice of the banking industry to sell/assign notes that comes into

4 their possession, the Plaintiff has the right to know who is the real party of interest in this

5 subject matter. *THEREFORE*, the declaration is required to clarify each party's position in

6 this controversy.

7

8    5. The adverse and antagonistic interest is before the court by proper process or class

9 representation. *HERE*, there is genuine adverse interest.  The Defendant wishes to

10 foreclose on the subject property and claim standing as a creditor but have not provided

11 valid proof of claims as defined under Californian Commercial Code nor F.R.B.P. Rule

12 3001 (d).  THUS, intervention of the court is sought to clarify the Defendant's position and

13 the rights of the Plaintiff.

14

15    6. The relief sought is not merely the giving of legal advice by the court or an answer

16 to questions founded merely in curiosity. *HERE,* an absolute declaration is petitioned

17 before this court to adjudicate the rights of each party involved in this controversy.  The

18 Defendant wishes to enforce the note and claim standing as a creditor but have not

19 provided any proof of claim.  THUS, a declaration is needed to compel the Defendant to

20 either provide proof of claim or release their claim over the Plaintiff.

21

22    *In conclusion*, having fulfilled all the elements of the declaratory judgment, this court

23 has subject matter jurisdiction to declare the rights of each party in this clear and present

1                                    12

1 controversy involving the promissory note, who the real parties of interest are and who has

2 standing to enforce the negotiable instrument as a creditor.

3

4

5

## 6 VIII. PRESUMPTIONS OF LAW REBUTTED

### 7 1) The Defendant Has Valid Standing to Enforce the Note

8    It is the presumption that the Defendant has valid Standing to Enforce the

9 promissory note.

10

11    The Plaintiff hereby motions the court to take judicial notice that the Plaintiff is

12 rebutting this presumption.  This right of enforcement is at issue.

13

14

## 15 IX. Claims

16

### 17 1) The Defendant has no Standing to Enforce the Negotiable Instrument

18    It is pattern and practice of banking institutions to sell and/or assign loans, therefore it

19 is uncertain who is actually the **current** [emphasis] note holder in due course and who is

20 entitled to enforce the promissory note.  This is evident by the fact that the original lender is

21 Countrywide Bank FSB while the current claimant is Bank of New York Mellon Trust

22 Company, National association as grantor Trustee**.**

23

1                    13

1 Further, on clause 20 on the original closing documents of the promissory note under the

2 title of "Borrower's Certification and Authorization", the language contained within is "Sale

3 of Note; Change of Loan Servicer; Notice of Grievance: The note or partial interest in the

4 note together with this security instrument can be sold one or more times without prior

5 notice to Borrower".  See Exhibit B

6

7       At issue is who the Holder is and whether the Defendant has the authority of or from

8 the Holder.  Under U.C.C. 3 - 301, the authority to enforce the promissory note comes

9 directly from the Holder in Due Course.  **Under F.R.B.P. Rule 3001 (d), the Defendant**

10 **must provide valid proof of claim as a creditor**.  Specifically, the Defendant must

11 provide evidence of perfected security interest.

12

13       Federal Circuit Courts have ruled that the only way to prove the perfection of any

14 security is by **actual possession of the security**. See Matter of Staff Mortg. & Inv. Corp.,

15 550 F.2d 1228 (9th Cir 1977).  Unequivocally the Court's rule is that in order to prove the

16 "instrument", possession is mandatory.

17

18       Under U.C.C. 3 - 501 (b) 2 (a) the original wet ink signature promissory note is the

19 only allowable evidence as proof of claim.  The original promissory note is **critical material**

20 **evidence** [emphasis] to support the Defendant's proof of claim as it contains the only valid

21 and legally binding chain of title of assignment on the negotiable instrument and identifies

22 who the last legal Holder in Due Course.  A photocopy of the instrument made years ago is

1                                          14

1insufficient proof of claim and is rejected by the Plaintiff[2] as it does not provide any

2evidence as to who the **current** [emphasis] Holder in Due Course is.

3

4        Under U.C.C. 3 - 308 (a), the signature in an instrument denied by the Party under

5whom enforcement is required is not admissible.   The burden of proof must be bore by the

6Party seeking enforcement (the Defendant).    Therefore, for the purpose of this

7controversy, all photocopies of the promissory note is considered a forgery as the signature

8on any photocopy supplied by the Defendant can not be verified, and its authenticity is

9disputed.

10

11        If Defendant can not show they are a Note Holder in Due Course nor establish lawful

12authority from the true Note Holder in Due Course, then they have no Standing to have the

13right of enforcement or claim as a creditor.

14

15**2) MERS has no Lawful Authority to Assign the Note and Deed of Trust**. MERS

16(Mortgage Electronic Registration Systems) electronically tracks the transfer of title

17between assignments of the promissory note for the purpose of securitization tracking.

18

19        United States Bankruptcy Court for the Eastern District of California has issued a

20ruling dated May 20, 2010 in the matter of <u>In Re: Walker</u> that is on point in Case No. 10-

21121656-E-11,  stating that "MERS is not the owner of the underlying note and therefore

---

1[2] *Indymac Bank v. Boyd*, 880 N.Y.S.2d 224 (2009).

2                                    15

1could not transfer the note, the beneficial interest in the deed of trust, or foreclose on the

2property secured by the deed".

3

4No record document suggests that Countrywide Bank FSB transferred its beneficial interest

5to Recontrust Company, N. A No record document suggests that Litton Loan Servicing,

6LLP transferred its beneficial interest to First  American Title Company.

7

8      The Plaintiff motions this Court to take Judicial Notice of the Memorandum in

9Support of the Declaratory Judgment for this case.

10

11      Therefore, the assignment on the Substitution of Trustee (see Exhibit A) has no

12validity and the Defendant is not a real party of interest.  The Defendant lacks the authority

13to enforce the instrument nor claim to be a creditor in this action.

14

15

16**3) The Defendant lacks Standing as a Creditor in this controversy**.

17      Fed. R. Civ. P. 17 states "an action must be prosecuted in the name of the real party

18of interest."  The standing doctrine "involves both constitutional limitations on federal court

19jurisdiction and prudential limitations on its exercise." Kowalski v. Tesmer, 543 U.S. 125,

20128-29, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004) (quoting Warth v. Seldin, 422 U.S. 490,

21498, 95 S. Ct. 2197, 45 L. Ed. 2D 343 (1975)).  Constitutional standing under Article III

22requires, at a minimum, that a party must have suffered some actual or threatened injury as

23a result of the defendant's conduct, that the injury be traced to the challenged action, and

1                        16

1that it is likely to be redressed by a favorable decision. (<u>Valley Forge Christian Coll. V. Am.</u>

2<u>United for Separation of Church and State</u>, 454 U.S 464, 472, 102 S. Ct. 752, 70 L. Ed. 2d

3700 (1982) (citations and internal quotations omitted)).   Beyond the Article III requirements

4of injury in fact, causation, and redressibility, the creditor must also have prudential

5standing, which is a judicially-created set of principles that places limits on the class of

6persons who may invoke the courts' powers. (<u>Warth v. Seldin</u>, 422 U.S. 490, 499, 95 S. Ct.

72197, 45 L.Ed. 2d 343 (1975)).  As a prudential matter, a plaintiff must assert "his own legal

8interests as the real party in interest". (<u>Dunmore v. United States</u>, 358 F.3d 1107, 1112 (9[th]

9Cir. 2004), as found in Fed. R. Civ. P 17, which provides "an action must be prosecuted in

10the name of the real party of interest"

11

12      In order to have Standing in this controversy, the Defendant must show that they are

13a real party of interest (*Patton v. Diemer*, 35 Ohio St. 3d 68; 518 N.E.2d 941; 1988), In re

14Weisband v. GMAC, UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF

15ARIZONA. Case No. 4:09-bk-05175-EWH.

16

1    Under Generally Accepted Accounting Principles, a Creditor is defined as a party

2 who has Debited his account and Credits the Debtor. [3], [4]

3    If the Defendant can not show actual loss as a result of the issuance of the loan,

4 they are not a real party of interest and therefore do not have Standing in this controversy.

5

## 6 X. CONCLUSION

7    If the Defendant wishes to claim standing as a creditor, they must first provide proof

8 that they are in fact entitled to enforce the security instrument.  Much like making payments

9 for a stolen vehicle, under Californian Commercial Code, the Debtor is entitled to demand

10 proof of ownership of the Note and/or written authority from the boni fide holder in due

11 course from the Defendant.

12

13    If the Defendant can not produce valid proof of claim, then they are not a real party of

14 interest and therefore have no Standing in this controversy and must be removed from the

15 record as a creditor against the Plaintiff and their property.

16

17

---

[3] "Neither, as included in its powers not incidental to them, is it a part of a bank's business
to lend its credit.  If a bank could lend its credit as well as its money, it might, if it received
compensation and was careful to put its name only to solid paper, make a great deal more
than any lawful interest on its money would amount to.  If not careful, the power would be
the mother of panics . . . Indeed, lending credit is the exact opposite of lending money,
which is the real business of a bank, for while the latter creates a liability in favor of the
bank, the former gives rise to a liability of the bank to another.  *I Morse. Banks and Banking*
5th Ed. Sec 65; *Magee, Banks and Banking*, 3rd Ed. Sec 248." *American Express Co. v.
Citizens State Bank*, 181 Wis. 172, 194 NW 427 (1923).

[4] "A bank is not the holder in due course upon merely crediting the depositors account."
*Bankers Trust v. Nagler*, 23 A.D.2d 645, 257 N.Y.S.2d 298 (1965).

# XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully moves this Honorable Court that should the Defendant fail to produce proof of claim, that this Honorable Court enters a judgment ordering the following remedies:

a) Declare the Debt null and void, and unenforceable between the Parties until such times a real boni fide real party of interest presents itself.

b) Defendant Releases all claims against Plaintiff in relations to this case due to lack of proof of claim and standing.

c) No further action can be taken against Plaintiff, including but not limited to foreclosure sale, Trustee sale, Quiet Title Action or collections.

d) Removes all derogatory reporting with the credit bureaus in relations to this case and reporting this account as "Settled in Full".

e) Mark this Note as "Settled in Full" for the Defendant's own record as well as all public records including but not limited to; all credit bureaus and county records.

f) Return all monies collected on this transaction to date with the same interest as the original promissory note, calculated from the date of the loan, paid in one lump sum within 30 days

g) Order the Defendant and/or the **Trustee on the Deed of Trust** to issue a full reconveyance on the Deed of Trust within 30 days.  Failing this, after which, authorize the Plaintiff to reconvey the property and declare the Deed of Trust null and void.

1   h) Any and all other remedies appropriate and necessary deemed by this Honorable

2      Court.

3

4

5                  Miguel A. Arevalo, Plaintiff in Pro Per

## XI. VERIFICATION

I, Miguel A. Arevalo, hereby declare that the above statements are true to the best of my knowledge and belief, and that we understand it is made for use as evidence in court and is subject to penalty for perjury.

_____

Miguel A. Arevalo

JURAT

County of Los Angeles        )

State of California            ) SS

Appearing and Sworn before me this ____/7____ day of December, 2012.

Having appearing before me and providing sufficient proof and evidence to be the person declaring this verification to be Miguel A. Arevalo.

_____

Notary Signature

Seal:

WENDY MONTENEGRO
Commission # 1880892
Notary Public - California
Los Angeles County
My Comm. Expires Feb 25, 2014

My Commission Expires:

21

1

2               **Exhibit A-1: Substitution of Trustee**

1

2    **Exhibit A-1: Corporate Assignment of Deed of Trust** *Reference 1*

LANDSAFE TITLE

RECORDING REQUESTED BY.
RECONTRUST COMPANY
AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:
*RECONTRUST COMPANY*
1800 Tapo Canyon Rd , CA6-914-01-94
SIMI VALLEY, CA  93063



TS No. 09-0065077

09-T9T054

_____
SPACE ABOVE THIS LINE FOR RECORDER'S USE

CORPORATION ASSIGNMENT OF DEED OF TRUST/MORTGAGE

FOR VALUE RECEIVED. THE UNDERSIGNED HEREBY GRANTS  ASSIGNS AND TRANSFER TO:

BAC HOME LOANS SERVICING. LP. FKA COUNTRYWIDE HOME LOANS SERVICING, LP

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST DATED 08/09/2005, EXECUTED BY:
MIGUEL AREVALO, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY.TRUSTOR: TO
RECONTRUST COMPANY, N A., TRUSTEE AND RECORDED AS INSTRUMENT NO. 05 2005693 ON 08/22/2005,
OF OFFICIAL RECORDS IN THE COUNTY RECORDER'S OFFICE OF LOS ANGELES  COUNTY, IN THE STATE
OF CALIFORNIA

DESCRIBING THE LAND THEREIN: AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST

TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE MONEY DUE AND
TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS ACCRUED OR TO ACCRUE UNDER SAID
DEED OF TRUST/MORTGAGE.

DATED: May 15, 2009                              MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

**FEB 0 3 2011**

State of. CALIFORNIA                )
County of VENTURA                  )    BY:                                          2/8/20
On FEB 0 3 2011    before me,          Kevin Rudolph, Assistant Secretary
         NINOUSH SAMMI                          , notary public, personally appeared
_____KEVIN RUDOLPH_____, who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____ (Seal)
         NINOUSH SAMMI

NINOUSH SAMMI
Commission # 1864483
Notary Public - California
Los Angeles County
My Comm. Expires Mar 28, 2014

*Form asgnmnt (01/09)*

# Exhibit A-1: Substitution of Trustee *Reference 2*

Recording requested by:

When recorded mail to:

Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101
619-645-7711

05/21/08

20080897992

Space above this line for recorders

T.S. # CA-08-150235-JB    Order # M810470    Loan # 17-1456

## Substitution of Trustee

WHEREAS, IRMA MONTENEGRO, A SINGLE WOMAN was the original Trustor, FIRST AMERICAN TITLE COMPANY was the original Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR GWINT MORTGAGE SOLUTIONS, INC., A CALIFORNIA CORPORATION was the original Beneficiary under that certain Deed of Trust dated 6/23/2006 and recorded on 6/30/2006 as instrument No. 06-1452658, in book xxx, page xxx of Official Records of LOS ANGELES County, CA; and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and stead of said original Trustee, or Successor Trustee, thereunder, in the manner provided for in said Deed of Trust.

NOW, THEREFORE, the undersigned hereby substitutes QUALITY LOAN SERVICE CORPORATION, as Trustee under said Deed of Trust;

Substitution of Trustee - CA
TS # CA-08-150235-JB
Page 2

Dated: 4/8/2008

LaSalle Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-CB7

By: _____

Diane Dixon
Assistant Vice President

LITTON LOAN SERVICING, LP
ATTORNEY-IN-FACT

State of TX (XXX)
County of Harris )

On APR 1 0 2008 date before me, _____ a notary public, personally appeared Diane Dixon who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

BRENDA F. MCKINZY
Notary Public, State of Texas
My Commission Expires
December 08, 2010

1

## Exhibit B: Borrower's Certification and Authorization *Reference 1*

2

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** *The Note or a partial interest in the Note* (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information *RESPA* requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in

*(MP)* -6A(CA) (0207)      CHL (09/02)          Page 12 of 16          Initials: _____          Form 3005 1/01

3

05  2005693

8/22/05

DOC ID #: 00010330520908005

*7*

compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

4

5

24

# Exhibit B: Borrower's Certification and Authorization *Reference 2*

20. *Sale of Note; Change of Loan Servicer; Notice of Grievance.* The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note

---

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01
Page 10 of 14

DocMagic *℮Forms* 800-649-1362
www.docmagic.com

Ca3005.mzd

06 1452658

and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

25

1
2                          **CERTIFICATE OF SERVICE**
3
4    I hereby certify that I sent the foregoing Verified Declaratory Judgment of
5    VERIFICATION OF DEBT to:
6
7    RECONTRUST COMPANY, N.A.
8    1800 TAPO CANYON RD SVW-88
9    SIMI VALLEY, CA 93063
10
11   FIRST AMERICAN TITLE COMPANY
12   1 FIRST AMERICAN WAY
13   SANTA ANA, CA 92707
14
15   MERS
16   BAC HOME LOANS SRVCNG  COUNTRYWIDE
17   400 COUNTRYWIDE WAY SV-35
18   SIMI VALLEY, CA 93065
19
20   QUALITY LOAN SERVICE CORP
21   2141 5TH AVENUE
22   SAN DIEGO. CA 92101
23
24   OCWEN LOAN SERVICING
25   P.O. BOX 6440
26   CARIL STREAM, IL 60197-6440
27
28   THE BANK OF NEW YORK MELLON
29   TRUST COMPANY, NATIONAL ASSOCIATION
30   8961 Sunset Blvd Ste 2A
31   Los Angeles CA 90069
32
33   LITTON LOAN SERVICING
34   4828 LOOP CENTRAL DRIVE
35   HOUSTON, TX 77081
36
37   OWNIT MORTGAGE SOLUTIONS, INC
38   27349 AGOURA RD, SUITE 100
39   AGOURA HILLS, CA 91301
40
41   by first class mail as well as certified mail on ___12/17/12___.
42
43
44
45

IN THE UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
IN AND FOR LOS ANGELES COUNTY

Date: 12/17/2012

| | |
|---|---|
| Miguel A. Arevalo        Pro Per<br>4166 W. 168th ST<br>Lawndale, CA. 90260<br><center>Plaintiff.</center><br>vs.<br><br>RECONTRUST  COMPANY. N.A. .BAC<br>HOME LOANS, BANK OF AMERICA.<br>COUNTRYWIDE HOME LOANS. FIRST<br>AMERICAN TITLE COMPANY. QUALITY<br>LOANSERVICE CORP, LITTON LOAN<br>SERVICING, LLP, OWNIT MORTGAGE<br>SOLUTIONS INC, OCWEN LOAN<br>SERVICING,  THE BANK OF NEW YORK<br>MELLON TRUST COMPANY<br>(Notice to Agents is Notice to Principles<br>Notice to Principles is Notice to Agents)<br><center>Defendant.</center> | CASE NO.: 2:12-BK-49363-WB<br><br>MEMORANDUM IN SUPPORT<br>OF DECLARATORY JUDGMENT |

## MEMORANDUM IN SUPPORT OF DECLARATORY JUDGMENT

Plaintiffs Miguel A. Arevalo submit this Memorandum in Support of the

Declaratory Judgment.

## SUMMARY

At issue is who the Holder is and whether the Defendant has the authority of or

from the Holder.  There is no evidence that support the Defendant as having any

authority to claim the position of creditor.

FILED

DEC 1 9 2012

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                              Deputy Clerk

## ARGUMENTS

As the debt is a negotiable instrument, Californian Commercial Code is applicable in determining the rights and obligations of each party.

Under CA.C.C. 3301, the authority to enforce the promissory note comes directly from the Holder in Due Course.  CA.C.C. 3301 States:

"Person entitled to enforce" an instrument means (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Wherein, to enforce the note, the claimant must either be the holder of the instrument or have the rights of a holder (Massachusetts In re Schwartz, 366 B.R.265 (Bankr. D. Mass. 2007)).  The Defendant have not provided evidence to support this.

2

Under F.R.B.P. Rule 3001 (d), the Defendant must provide valid proof of claim as a creditor and states:

**Rule 3001(d) Evidence of perfection of security interest.**

If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.

HERE, the Defendant have not provided any valid proof of claim as evidence by CA.C.C. 3501 (b) 2 (a) which states:

(2) Upon demand of the person to whom presentment is made, the person making presentment shall **(A) exhibit the instrument** [emphasis], (B) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (C) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

The original promissory note is **critical material evidence** [emphasis] to support the Defendant's proof of claim as it contains the only valid and legally binding chain of title of assignment on the negotiable instrument and identifies who the last legal Holder in Due Course.  A photocopy of the instrument made years ago is insufficient proof of claim (*Indymac Bank v. Boyd*, 880 N.Y.S.2d 224 (2009) and Nosek v. Ameriquest Mortgage Company (In re Nosek), 286 Br. 374 (Bankr D Mass. 2008).) and is rejected by the Plaintiff as it does not provide any evidence as to who the ***current*** [emphasis] Holder in Due Course is.   There is no evidence of the transfer from the original lender to the Defendant.

3

Under CA.C.C. 3308 (a), the signature in an instrument denied by the Party

under whom enforcement is required is not admissible.  The burden of proof must be

bore by the Party seeking enforcement (the Defendant).   Therefore, for the purpose of

this controversy, all photocopies of the promissory note is considered a forgery as the

signature on any photocopy supplied by the Defendant can not be verified, and its

authenticity is disputed.

If Defendant can not show they are a Note Holder in Due Course nor establish

lawful authority from the true Note Holder in Due Course, then they have no Standing to

have the right of enforcement.(521 F.Supp. 2d (S.D. Ohio 2007) and Illinois U.S. Bank,

N.A. v. Cook, 2009 WL 35286 (N.D. Ill. January 6, 2009).)

**MERS has no Lawful Authority to Assign the Note and Deed of Trust.**

MERS (Mortgage Electronic Registration Systems) electronically tracks the

transfer of title between assignments of the promissory note for the purpose of

securitization tracking.

United States Bankruptcy Court for the Eastern District of California has issued a

ruling dated May 20, 2010 in the matter of In Re: Walker, Case No. 10-21656-E-11,

stating that "MERS is not the owner of the underlying note and therefore could not

transfer the note, the beneficial interest in the deed of trust, or foreclose on the property

secured by the deed", citing In Re Vargas (California Bankruptcy Court), Landmark v.

Kesler (Kansas Supreme Court decision as to lack of authority of MERS), LaSalle Bank

4

v. Lamy (New York), and In Re Foreclosure Cases (the "Boyko" decision from Ohio

Federal Court CASE NO. NO.1:07CV2282, 07CV2532, 07CV2560, 07CV2602,

07CV2631, 07CV2638, 07CV2681, 07CV2695 , 07CV2920, 07CV2930, 07CV2949,

07CV2950, 07CV3000, 07CV3029).


No record document suggests that Provident Funding Associates, L.P transferred

its beneficial interest to Wells Fargo.  Transfer of mortgage paper may be made outright

(sale) or by pledge (as a security for a loan to the transferor.).   In either event, to

perfect the transfer, a sale of the note could be invalidated as a fraudulent conveyance

under (Civil Code 3440), and transfer in pledge could be invalidated as an unperfected

(under Com Code 9313-9314).  (California Mortgages and Deeds of Trust, and

Foreclosure Litigation, by Roger Bernhardt, Fourth Edition, section 1.26) One without a

pecuniary interest in the Mortgage Loan is not an obligee under the debt and, thus, has

no legal standing to foreclose ab initio. (Watkins v. Bryan (1891) 91 C 492, 27 P 77).


The Note is not a bearer instrument, but is an instrument payable to a specific

identified person.  California Com. Code section 3109 states:

(a) A promise or order is payable to bearer if it is any of the following:

    a. States that it is payable to bearer  or to the order of bearer or otherwise

       indicates that the person in possession of the promise or order is

       entitled to payment.

    b. Does not state a payee.

    c.  States that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.

(b)  A promise or order that is not payable to bearer is payable to order if it is payable (1) to the order of an identified person or (2) to an identified person or order. A promise or order that is payable to order is payable to the identified person.

(c) An instrument payable to bearer may become payable to an identified person if it is specifically indorsed pursuant of subdivision (a) of Section 3205. An instrument payable to an identified person may become payable to bearer if it is indorsed in blank pursuant to subdivision (b) of Section 3205.


A promissory note that is payable to a specifically identified person is not transferred merely by possession; instead, transfer requires that it be endorsed. California Com. Code 3201 states:

(a)  "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.

(b)  Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder.  If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.

6

An endorsement is not made by purchasing a note, or by purchasing a debt, by an assignment, instead, an endorsement is made by the signature of the specifically identified person to whom the note is owed.  California Com. Code section 3204 states:

(a)    "endorsement" means a signature, other than that of  a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (1) negotiating the instrument, (2) restricting payment of the instrument, or (3) incurring endorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an endorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than endorsement.  For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.

(b)    "Endorser" means a person who makes an endorsement.

(c)    For the purpose of determining whether the transferee of an instrument Is a holder, an endorsement that transfers as a security interest in the instrument is effective as an unqualified endorsement of the instrument.

(d)    If an instrument is payable to the holder under a name that is ot the name of the holder, endorsement may be made by the holder in the name stated in the instrument or in the holder's name or both, but signature

7

in both names may be required by a person paying or taking the

instrument for value or collection.


If one bought a note and intends to enforce it, but the note does not carry the

endorsement of the payee, that person can bring an action in court to specifically

enforce the right to an endorsement.  Then, once that is done, the creditor can enforce

the note against its maker.  California Com. Code section 3203 states:


(a) An instrument is transferred when it is delivered by a person other than its

issuer for the purpose of giving to the person receiving delivery the right to

enforce the instrument.

(b) Transfer of an instrument, whether or not the transfer is a negotiation, vests in

the transferee any rights of the transferor to enforce the instrument, including

any right as a holder in due course, but the transferee can not acquire the

rights of the holder in due course by a transfer, directly or indirectly, from a

holder in due course if the transferee engaged in fraud or illegality affecting

the instrument.

(c) Unless otherwise agreed, if an instrument is transferred for value and the

transferee does not become a holder because of lack of endorsement by the

transferor, the transferee has a specifically enforceable right to the unqualified

endorsement of the transferor, but negotiation of the instrument does not

occur until the endorsement is made.


8

(d) If a transferor purports to transfer less than the entire instrument, negotiation of the instrument does not occur.  The transferee obtains no rights under this division and has only the rights of a partial assignee.

Stay-relief requests are governed by Fed. R. Bankr. P. 4001(a)(1), to which Fed. R.Bankr.P. 9014 is applicable.  Rule 9014, in turn, incorporates Rule 7017, which makes Fed.R.Civ.P. 17 applicable ("an action must be prosecuted in the name of the real party of interest.")

In *In re Mitchell*, Case No. BK-S-07-16-16226-LBR (Bankr.Nev. 3/31/2009) (At page 10) the Court found that "MERS does not have standing merely because it is the alleged beneficiary under the deed of trust.  It is not a beneficiary and, in any event, the mere fact that an entity is named beneficiary of a deed of trust is insufficient to enforce the obligation."  In *In re Maisel*, the Bankruptcy Court for the District of Massachusetts found that a lender did not have standing to seek relief from its motion for relief. 378 B.R. 19, 22 (2007) "Where the mortgagee has 'transferred' only the mortgage, the transaction is a nullity and his 'assignee,' having received no interest in the underlying debt or obligation, has a worthless piece of paper." (4 RICHARD R. POWELL, POWELL ON REAL PROPERTY, § 37.27[2] (2000); In re Mitchell, Case No. BK-S-07-16226-LBR (Bankr. Nev. 3/31/2009) (At page 12) MERS website admits at pages (10, 20, 22, 26, 34, 38, 40, 42, 44, 46, 62, 68, 72, 76, 78, 88, 89, 99:

MERS stands in the same shoes as the servicer to the extent that it is not the beneficial owner of the promissory note. An investor, typically a secondary market investor, will be the ultimate owner of the note. (fn)

Foot Note:

Even though the servicer has physical custody of the note, custom in the mortgage industry is that the investor (Fannie Mae, Freddie Mac, Ginnie Mae or a private investor) owns the beneficiary rights to the promissory note.

In consolidated cases of In re Foreclosure Cases, 521 F. Supp. 2D 650, 653 (S.D. Oh. 2007) a standing challenge was made and the Court found that there was no evidence of record that New Century, ever assigned to MERS the promissory note or otherwise gave MERS the authority to assign the note. Beginning with this case, courts around the country started to recognize that MERS had no authority in the notes and could not transfer an interest in a mortgage upon which foreclosure could be based.

## CONCLUSION

To provide proof of claim, the Defendant must produce the original wet ink signature as evidence showing the true chain of title transfer leading to the Defendant, endorsing the Defendant as the Holder in Due Course. The Defendant's reliance on MERS's assignment has no standing and is not enforceable.

Miguel A. Arevalo, Plaintiff in Pro Per

## CERTIFICATE OF SERVICE

I hereby certify that I sent the foregoing MEMORANDUM IN SUPPORT OF
DECLARATORY JUDGMENT to:

RECONTRUST COMPANY, N.A.
1800 TAPO CANYON RD SVW-88
SIMI VALLEY, CA 93063

FIRST AMERICAN TITLE COMPANY
1 FIRST AMERICAN WAY
SANTA ANA, CA 92707

MERS
BAC HOME LOANS SRVCNG/ COUNTRYWIDE
400 COUNTRYWIDE WAY SV-35
SIMI VALLEY, CA 93065

QUALITY LOAN SERVICE CORP
2141 5TH AVENUE
SAN DIEGO, CA 92101

OCWEN LOAN SERVICING
P.O. BOX 6440
CARIL STREAM, IL 60197-6440

THE BANK OF NEW YORK MELLON
TRUST COMPANY, NATIONAL ASSOCIATION
8961 Sunset Blvd Ste 2A
Los Angeles CA 90069

LITTON LOAN SERVICING
4828 LOOP CENTRAL DRIVE
HOUSTON, TX 77081

OWNIT MORTGAGE SOLUTIONS, INC
27349 AGOURA RD, SUITE 100
AGOURA HILLS, CA 91301

by first class mail as well as certified mail on __12/17/12__

11